■ DANIEL WISE, Appellant, v 378 THIRD AVENUE ASSOCIATES LLC et al., Defendants, and ROBERT GEORGE, Respondent. [940 NYS2d 228]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about June 14, 2011, which granted Robert George's motion to intervene, unanimously affirmed, with costs.

As the motion court observed, it is impossible on this record to determine the true owner of the disputed promissory note. Thus, plaintiff's argument in opposition to George's motion to intervene, that the alleged assignment of the note to George was a fraudulent conveyance under Debtor and Creditor Law § 273, is unavailing. Plaintiff has not established that he was a creditor; issues of fact exist whether he was reimbursed for any renovations completed at the property and whether he owed "hundreds of thousands of dollars" as a result of his failure to pay rent throughout 2006.

Plaintiff has no standing to argue that the two promissory notes totaling $610,000, with an interest rate of 24%, that were allegedly given to George by James Gomez are usurious and therefore void. These two notarized promissory notes are sufficient to establish George's claim that the disputed note was assigned to him. In view of the existing factual issues, plaintiff's contentions that the transfer to him cannot be voided by the nonassignability provision of the disputed note and that George's claim is rife with fraud are unavailing.

George's interest in the disputed note, as well as in monies currently in escrow, will be adversely affected if he is not permitted to intervene and it is determined that he is owed money (see CPLR 1013). His motion to intervene was timely under the circumstances, and plaintiff has failed to allege any prejudice to him resulting from the intervention. Concur—Tom, J.P., Saxe, Acosta, DeGrasse and Román, JJ.